UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY GLENN LIBBY, aka ZACHERY GLENN LIBBY, <br><br>　　　　　Petitioner, <br><br>vs. <br><br>WARDEN DARREL ADAMS, <br><br>　　　　　Respondent. | ) Case No. EDCV 09-0870-RC <br> ) <br> ) <br> ) <br> ) <br> ) OPINION AND ORDER ON A <br> ) PETITION FOR HABEAS CORPUS <br> ) <br> ) <br> ) |

　　　On April 27, 2009, Zachary Glenn Libby, aka Zachery Glenn Libby, a state inmate proceeding pro se, constructively filed a habeas corpus petition under 28 U.S.C. § 2254, which this Court dismissed with leave to amend on May 6, 2009, finding petitioner had failed to name the respondent as required by Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  On May 14, 2009, petitioner filed his First Amended Petition, claiming there was insufficient evidence to support the firearm enhancement that he personally used a firearm within the meaning of California Penal Code ("P.C.") § 12022.53(b) and the "alleged gun wasn't used menacingly." On July 15, 2009, respondent filed an answer to the petition.

However, petitioner did not file a reply.  The parties have consented to this Court pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

**I**

On April 27, 2007, in Riverside County Superior Court case no. SWV017270, a jury convicted petitioner of one count of second degree robbery in violation of P.C. § 211 (count 1), one count of obstructing/resisting executive officers in violation of P.C. § 69 (count 2) and one count of false representation of identity to a peace officer in violation of P.C. § 148.9 (count 3), and, as to count 1, the jury found it to be true that petitioner personally used a firearm within the meaning of P.C. §§ 12022.53(b) and 1192.7(c)(8) in commission of the second degree robbery.  Clerk's Transcript ("CT") 100-01, 103-06.  The petitioner was sentenced to the total term of 13 years in state prison, including 10 years on the firearm enhancement. CT 116-17, 138-40.

The petitioner appealed his convictions and sentence to the California Court of Appeal, CT 141-42, Lodgment nos. 3-4, which affirmed the judgment in an unpublished opinion filed May 2, 2008. Lodgment no. 5.  On June 9, 2008, petitioner, proceeding through counsel, filed a petition for review in the California Supreme Court, which denied the petition on July 9, 2008.  Lodgment nos. 6-7.

**II**

The California Court of Appeal, in affirming petitioner's convictions, made the following findings of fact regarding the

circumstances underlying the offenses:[1]  The petitioner entered a convenience store at 11:45 p.m., walked around the store, grabbed a 12-pack of beer, and placed it on the cashier counter.  The petitioner then exited the store.  The petitioner thereafter returned inside the store.  After the last customer exited, petitioner opened the front door, peered outside from side to side, turned around, and told the cashier to give him all the money in the cash register.  The cashier asked if petitioner was serious.  The petitioner then removed from his pocket what appeared to the cashier to be a gun and showed it to the cashier.  The cashier testified that the gun was silver, was "probably like a .22[,]" and fit inside petitioner's hand.  The object had a trigger and at least one barrel.  The clerk characterized petitioner's handling of the alleged weapon as "brandish[ing]."  The petitioner simultaneously reiterated his demand that the clerk give petitioner all the money.  The petitioner returned the object to his pocket.  The petitioner then showed the object to the clerk on one more occasion before he left with the money from the register.  The People offered into evidence a videotape taken from the market's surveillance cameras and two still photos showing petitioner holding the object.  One of the still photos is a close-up of the object in petitioner's hand.

   At no time did petitioner point the object at the clerk or refer to it as a weapon.  The petitioner never verbally threatened the clerk.  The petitioner merely held the object in his up-faced palm.  The clerk could not recall whether the object had one or two barrels.  The clerk confessed that he could not actually determine the caliber

---

[1] Lodgment no. 5 at 2-3.

3

of the weapon.  The clerk indicated that he had never seen a fake gun before.  He could not remember what type of grip or handle the object had.  The clerk only saw the object for a few seconds.

A clerk at another nearby convenience store alerted sheriff's deputies to petitioner's presence a couple hours later, after a description of petitioner had been sent to local businesses.  Upon the deputies' arrival, petitioner saw them and ran.  Deputies pursued petitioner with the aid of a trained dog.  Deputies apprehended petitioner approximately half an hour thereafter.  Deputies searched petitioner and the trail of their pursuit, but did not find any weapon.  Deputies never saw petitioner discard anything that appeared to be a gun nor were any other witnesses encountered who saw petitioner with a gun.

**DISCUSSION**

**III**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "circumscribes a federal habeas court's review of a state court decision." Lockyer v. Andrade, 538 U.S. 63, 70, 123 S. Ct. 1166, 1172, 155 L. Ed. 2d 144 (2003); Wiggins v. Smith, 539 U.S. 510, 520, 123 S. Ct. 2527, 2534, 156 L. Ed. 2d 471 (2003).  As amended by AEDPA, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless

1    the adjudication of the claim- [¶] (1) resulted in a
2    decision that was contrary to, or involved an unreasonable
3    application of, clearly established Federal law, as
4    determined by the Supreme Court of the United States; or [¶]
5    (2) resulted in a decision that was based on an unreasonable
6    determination of the facts in light of the evidence
7    presented in the State court proceeding.

28 U.S.C. § 2254(d).  Further, under AEDPA, a federal court shall presume a state court's determination of factual issues is correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The California Supreme Court reached the merits of petitioner's claim when it denied petitioner's petition for review without comment or citation to authority.  Gaston v. Palmer, 417 F.3d 1030, 1038 (9th Cir. 2005), amended by, 447 F.3d 1165 (9th Cir. 2006), cert. denied, 549 U.S. 1134 (2007); Hunter v. Aispuro, 982 F.2d 344, 348 (9th Cir. 1992), cert. denied, 510 U.S. 887 (1993).  "Where there has been one reasoned judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."  Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594, 115 L. Ed. 2d 706 (1991); Medley v. Runnels, 506 F.3d 857, 862 (9th Cir. 2007) (en banc), cert. denied, 552 U.S. 1316 (2008).  Thus, this Court will consider the reasoned opinion of the California Court of Appeal, which denied petitioner's claim on the merits.  Maxwell v. Roe, 606 F.3d 561, 568 (9th Cir. 2010); Collins v. Runnels, 603 F.3d 1127, 1130 (9th Cir.), cert. denied, __ S. Ct. __, 2010 WL 2632367

1 | (2010).
2 |
3 | **IV**
4 | To review the sufficiency of evidence in a habeas corpus
5 | proceeding, the Court must determine whether "any rational trier of
6 | fact could have found the essential elements of the crime beyond a
7 | reasonable doubt." Lewis v. Jeffers, 497 U.S. 764, 781, 110 S. Ct.
8 | 3092, 3102-03, 111 L. Ed. 2d 606 (1990) (internal quotations and
9 | citation omitted); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
10 | 2781, 2789, 61 L. Ed. 2d 560 (1979). All evidence must be considered
11 | in the light most favorable to the prosecution, Jeffers, 497 U.S. at
12 | 782, 110 S. Ct. at 3103; Jackson, 443 U.S. at 319, 99 S. Ct. at 2789,
13 | and if the facts support conflicting inferences, reviewing courts
14 | "must presume -- even if it does not affirmatively appear in the
15 | record -- that the trier of fact resolved any such conflicts in favor
16 | of the prosecution, and must defer to that resolution." Jackson, 443
17 | U.S. at 326, 99 S. Ct. at 2793; McDaniel v. Brown, __ U.S. __, 130
18 | S. Ct. 665, 673, 175 L. Ed. 2d 582 (2010); Bruce v. Terhune, 376 F.3d
19 | 950, 957 (9th Cir. 2004) (per curiam). Furthermore, under AEDPA,
20 | federal courts must "apply the standards of *Jackson* with an additional
21 | layer of deference." Juan H. v. Allen, 408 F.3d 1262, 1274 (9th Cir.
22 | 2005), cert. denied, 546 U.S. 1137 (2006); Briceno v. Scribner, 555
23 | F.3d 1069, 1078 (9th Cir. 2009). These standards are applied to the
24 | substantive elements of the criminal offenses under state law.
25 | Jackson, 443 U.S. at 324 n.16, 99 S. Ct. at 2792 n.16; Chein v.
26 | Shumsky, 373 F.3d 978, 983 (9th Cir.) (en banc), cert. denied, 543
27 | U.S. 956 (2004).
28 | //

1      At the time of petitioner's offense, Penal Code § 12022.53(b)
2 provided that "any person who, in the commission of a felony specified
3 in subdivision (a), personally uses a firearm, shall be punished by an
4 additional and consecutive term of imprisonment in the state prison
5 for 10 years. The firearm need not be operable or loaded for this
6 enhancement to apply." P.C. § 12022.53(b) (2006). Subdivision (a)
7 lists robbery, as set forth in P.C. § 211, as an offense covered by
8 subdivision (b). See P.C. § 12022.53(a)(4) (2006). Nevertheless,
9 petitioner claims the jury's finding that he personally used a firearm
10 when committing the second degree robbery is not supported by
11 substantial evidence, in part because he "never threatened" the clerk
12 or "pointed the gun at the cashier." FAP at 5. There is no merit to
13 this claim, as the California Court of Appeal found.

15      The California Court of Appeal, in affirming petitioner's
16 conviction, denied petitioner's insufficient evidence claim, holding:

18      Here, substantial evidence supported the jury's
19      determination that the object displayed by [petitioner] was
20      a gun. [Petitioner] first told the clerk to give him all
21      the money in the cash register. When the clerk replied by
22      asking if [petitioner] was serious, [petitioner] withdrew
23      the object from his pocket and showed it to the clerk.
24      Obviously, [petitioner] intended the object to facilitate
25      his robbery of the clerk. This factor permits the rational
26      inference that [petitioner] knew the object was of such
27      ominous import that it would invoke fear in the clerk
28      sufficient that he would comply with [petitioner's] demand.

1 This it did.  The clerk testified that he was shocked and
2 scared after being confronted with the object.  The clerk
3 thereafter complied with [petitioner's] command to give him
4 the money.  This, in itself, suggests the object was a gun.
5 [¶]  Moreover, the clerk's testimony regarding the object
6 was sufficient for the jury to determine that it was,
7 indeed, a gun.  The clerk testified that he had some
8 familiarity with firearms as both his father and uncle were
9 registered gun owners.  [Petitioner] held the object in his
10 open, up-faced palm within five feet of the clerk.
11 [Petitioner] showed the object to the clerk twice.  The
12 clerk described the gun as a small caliber weapon, silver,
13 with at least one barrel, and a trigger.  He indicated the
14 object appeared to be heavy.  While he testified that he
15 only saw the object for a few seconds, he had no doubt that
16 the object was a gun.  When asked by the People whether
17 there was a doubt in the clerk's mind as to whether the
18 object was a gun, the clerk replied "it was a real – it was
19 a gun."  When asked by defense counsel whether he knew if
20 the object was a real gun or not, the clerk responded, "What
21 I saw [was] a gun."  When the video surveillance of the
22 incident was played to the jury, the clerk pointed out the
23 moment that [petitioner] showed him the gun.  The clerk's
24 testimony was credible and of solid value.  We will not
25 second guess the jury's obvious reliance upon the clerk's
26 credibility when determining that the object was, in fact, a
27 gun.  [¶]  Furthermore, the introduction into evidence of
28 the video surveillance and the still photos further lends

1  credence to the jury's determination.  The videotape shows
2  [petitioner] approach the counter, remove something from his
3  pocket, and show it to the clerk.  The events of the
4  videotape correspond closely with the testimony of the
5  clerk, reinforcing the accuracy of that testimony.  Though
6  the quickness of the event and the distance of the camera
7  make it difficult to determine from the videotape alone
8  whether the object is a gun, the transpired events are
9  consistent with a rational inference that what occurred was
10 a robbery aided by the display of a weapon.  The
11 photographic stills taken from the videotape, particularly
12 the close-up, further support the jury's determination that
13 the object was a gun.  They show an object in [petitioner's]
14 palm consistent with the description given by the clerk.
15 The fact that no gun was found on [petitioner] when he was
16 apprehended or on the course of pursuit the officers engaged
17 in does not lend itself to the conclusion the object was not
18 a gun.  Indeed, the officers' initial sighting of
19 [petitioner] occurred more than two and a half hours after
20 the robbery.  [Petitioner] was not apprehended for an
21 additional half hour. [Petitioner] left the convenience
22 store with a 12-pack of beer and around $100, yet when he
23 was apprehended, he had no beer and only $25 dollars on him.
24 Thus, [petitioner] had plenty of time to dispose of the
25 weapon as he did with the beer and remaining money.  [¶]
26 Finally, assuming arguendo that the object was a gun,
27 [petitioner] maintains that the evidence failed to support a
28 finding that he wielded it menacingly.  The jury was

|  |  |
|---|---|
| 1 | instructed with CALJIC No. 17.19, which indicates that |
| 2 | personal use of a weapon "means that the defendant must have |
| 3 | intentionally displayed a firearm in a menacing manner, |
| 4 | intentionally fired it, or intentionally struck or hit a |
| 5 | human being with it."  Since no evidence was adduced that |
| 6 | [petitioner] fired or hit someone with the gun, [petitioner] |
| 7 | contends the evidence must show he used it menacingly.  We |
| 8 | find that, consistent with authorities interpreting the use |
| 9 | component of a personal use enhancement, [petitioner's] use |
| 10 | of the gun facilitated the robbery; thus, substantial |
| 11 | evidence supported the jury's finding.  [¶]  "'A firearm use |
| 12 | enhancement attaches to an offense, regardless of its |
| 13 | nature, if the firearm use aids the defendant in completing |
| 14 | one of its essential elements.'  The enhancement is not |
| 15 | limited 'to situations where the gun is pointed at the |
| 16 | victim. . . .'  Personal use of a firearm may be found where |
| 17 | the defendant intentionally displayed a firearm in a |
| 18 | menacing manner in order to facilitate the commission of an |
| 19 | underlying crime.  [¶]  'Thus when a defendant deliberately |
| 20 | shows a gun, or otherwise makes its presence known, and |
| 21 | there is no evidence to suggest any purpose other than |
| 22 | intimidating the victim (or others) so as to successfully |
| 23 | complete the underlying offense, the jury is entitled to |
| 24 | find a facilitative use rather than an incidental or |
| 25 | inadvertent exposure.  The defense may freely urge the jury |
| 26 | not to draw such an inference, but a failure to actually |
| 27 | point the gun, or to issue explicit threats of harm, does |
| 28 | not entitle the defendant to judicial exemption from [a |

1       personal use enhancement].'"  [¶]  Here, while [petitioner]
2       did not verbally threaten the clerk or point the gun at him,
3       **the only apparent purpose for showing the clerk the gun was**
4       **to facilitate his completion of the robbery.**  Indeed,
5       initially, [petitioner] did not display the gun when
6       demanding the clerk hand him the money in the cash register.
7       **Only when encountering noncompliance from the clerk did**
8       **[petitioner] remove the gun from his pocket and show it to**
9       **the clerk.  The display of the gun accomplished its apparent**
10      **purpose.  The clerk became shocked and scared and complied**
11      **with [petitioner's] demand to turn over the cash.**  While
12      [petitioner] was free to argue, and in fact did argue, that
13      the jury should find the display of the gun incidental to
14      the robbery, the jury was under no obligation to so find.
15      **The manner and timing of [petitioner's] exhibition of the**
16      **gun as recounted by the clerk and viewed in the videotape**
17      **amounts to substantial evidence that [petitioner] used it to**
18      **facilitate the robbery.**  Therefore, the jury's finding on
19      the personal use enhancement was proper.
20
21 Lodgment no. 5 at 4-8 (citations omitted; emphasis added).
22
23      The testimony of a single witness is sufficient to uphold a
24 conviction, Bruce, 376 F.3d at 957-58, and a federal court in a habeas
25 corpus proceeding cannot redetermine the credibility of a witness when
26 it has not observed the demeanor of the witness.  Marshall v.
27 Lonberger, 459 U.S. 422, 434, 103 S. Ct. 843, 851, 74 L. Ed. 2d 646
28 (1983); see also Schlup v. Delo, 513 U.S. 298, 330, 115 S. Ct. 851,

868, 130 L. Ed. 2d 808 (1995) ("[U]nder *Jackson*, the assessment of the credibility of witnesses is generally beyond the scope of review."). Rather, "[t]he reviewing court must respect the province of the [factfinder] to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the [factfinder] resolved all conflicts in a manner that supports the verdict." Jones v. Wood, 114 F.3d 1002, 1008 (9th Cir. 1997) (quoting Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir. 1995)). Moreover, "[c]ircumstantial evidence and reasonable inferences drawn from it may properly form the basis of a conviction." Schad v. Ryan, 606 F.3d 1022, 1038 (9th Cir. 2010), pet. for cert. filed, 79 USLW 3129 (Aug. 27, 2010); Walters, 45 F.3d at 1358.

Here, since the petitioner has not rebutted the California Court of Appeal's factual findings with clear and convincing evidence, this Court "presume[s] that the state court's findings of fact are correct . . . [and] rel[ies] on the state court's recitation of the facts." Tilcock v. Budge, 538 F.3d 1138, 1141 (9th Cir. 2008) (citations omitted), cert. denied, 129 S. Ct. 926 (2009). "This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court." Bragg v. Galaza, 242 F.3d 1082, 1087 (9th Cir. 2001), amended by, 253 F.3d 1150 (9th Cir. 2001); Pollard v. Garcia, 290 F.3d 1030, 1035 (9th Cir.), cert. denied, 537 U.S. 981 (2002). Accordingly, given the store clerk's testimony, which fully supports the determination that petitioner showed the clerk a gun to convince him to turn over to petitioner the money in the store's cash register, and that petitioner's actions "shocked" and "scared" the clerk, see Reporter's Transcript ("RT")

58:5-74:3, there was more than sufficient evidence to support the P.C. § 12022.53(b) enhancement. See <u>Bovarie v. Giurbino</u>, 558 F. Supp. 2d 1030, 1042 (C.D. Cal. 2008) ("[A]lthough no firearm was recovered, the victims' testimony describing the guns and the manner in which they were used during the robberies amounted to sufficient evidence . . . to conclude beyond a reasonable doubt that petitioner personally used a firearm within the meaning of [P.C.] § 12022.53(b)."); <u>Brown v. Curry</u>, 2010 WL 597980, *5 (N.D. Cal.) ("[A]lthough no firearm was recovered, the victims' testimony describing the weapon and the manner in which it was used during the crime was sufficient evidence to enable a reasonable juror to conclude beyond a reasonable doubt that Petitioner personally used a firearm within the meaning of § . . . 12022.53(b)."); <u>People v. Monjaras</u>, 164 Cal. App. 4th 1432, 1437, 79 Cal. Rptr. 3d 926 (2008) ("[W]hen as here a defendant commits a robbery by displaying an object that looks like a gun, the object's appearance and the defendant's conduct and words in using it may constitute sufficient circumstantial evidence to support a finding that it was a firearm within the meaning of section 12022.53, subdivision (b)."); <u>People v. Dominguez</u>, 38 Cal. App. 4th 410, 421, 45 Cal. Rptr. 2d 153 (1995) ("The evidence is sufficient to prove the use of a firearm where there is some type of display of the weapon, coupled with a threat to use it which produces fear of harm in the victim.").

Accordingly, the California Supreme Court's denial of

//
//
//

13

petitioner's claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

**ORDER**

1. Judgment shall be entered denying the habeas corpus petition and dismissing the action with prejudice.

2. This Court finds an appeal would not be taken in good faith, and that petitioner has not made a substantial showing that he has been denied a constitutional right for the reasons set forth herein; thus, a certificate of appealability should not issue under 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b). Slack v. McDaniel, 529 U.S. 473, 483, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000); Mayfield v. Calderon, 270 F.3d 915, 922 (9th Cir. 2001) (en banc).

3. The Clerk of Court shall notify petitioner of this Opinion and Order.

DATE: November 12, 2010          /S/ ROSALYN M. CHAPMAN
                                     ROSALYN M. CHAPMAN
                                 UNITED STATES MAGISTRATE JUDGE

R&R\09-0870.mdo
11/12/10